UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60284-CIV-LENARD/O'SULLIVAN

ALLEN F. STEWART,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,
JOHN RICHARD DANCASTER,
JOE HOUGHTON and LUCY
SINGLETON,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion in Limine for Conditional Ruling in re the Admission of Statements and Electronic Audio Recordings and Their Transcripts into Evidence (DE# 134, 9/27/11) and the Plaintiff's Motion to Consolidate Pleadings (DE# 135, 9/27/11). This matter was referred to the undersigned by the Honorable Joan A. Lenard,[1] United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). See Order Referring Motion (DE# 136, 9/28/11). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion in Limine for Conditional Ruling in re the Admission of Statements and Electronic Audio Recordings and Their Transcripts into Evidence (DE# 134, 9/27/11) and the Plaintiff's Motion to Consolidate Pleadings (DE# 135, 9/27/11) are **DENIED without prejudice**.

---

[1] The instant action was originally before Judge Lenard. On November 21, 2011, the matter was reassigned to the Honorable Robert N. Scola. See Order of Reassignment (DE# 157, 11/21/11).

## ANALYSIS

1. **Plaintiff's Motion in Limine for Conditional Ruling in re the Admission of Statements and Electronic Audio Recordings and Their Transcripts into Evidence (DE# 134)**

The plaintiff seeks a motion in limine with respect to the admissibility of certain audio records and transcripts. See Plaintiff's Motion in Limine for Conditional Ruling in re the Admission of Statements and Electronic Audio Recordings and Their Transcripts into Evidence (DE# 134, 9/27/11). Trial in this matter has not been re-set. See Order Vacating Scheduling Order (DE# 189, 1/27/12). Accordingly, the plaintiff's motion in limine is premature. Evidentiary issues are more appropriately addressed after the record has been more fully developed. See, e.g., Walker v. Werner Enterprise, Inc., Nos. 8:07-cv-631-T-24EAJ, 8:07-cv-632-T-24TBM, 2008 WL 2816248, at *2 (M.D. Fla. May 14, 2008) (declining to rule on the admissibility of videos noting that "[a]lthough the Court views the relevance and admissibility of this evidence doubtful, it would be premature to exclude it at this time. Plaintiffs may raise any objections to the admissibility of these videos at the time of trial.").

2. **Plaintiff's Motion to Consolidate Pleadings (DE# 135)**

The plaintiff also seeks to consolidate the pleadings and rule on the legality of his recording of two investigative fact-finding meetings on January 5, 2011 and February 10, 2011. The plaintiff's motion is not supported by any case law or authority. Local Rule 7.1(a) provides that, with certain inapplicable exceptions: "[e]very motion when filed shall incorporate a memorandum of law citing supporting authorities . . . ." S.D. Fla. L.R. 7.1(a). The motion to consolidate does not comply with this local rule. To

the extent the motion to consolidate is related to the motion in limine it should be

DENIED as premature for the reasons stated above.

      DONE AND ORDERED, in Chambers, at Miami, Florida, this **27th** day of

January, 2012.

                                              JOHN J. O'SULLIVAN
                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Scola
All counsel of record and pro se parties